**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **ISREAL JOSEPH, SR., ET AL** | * | **CIVIL ACTION NO. 08-0957** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **BAXTER INTERNATIONAL, INC.** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION ON MOTION TO REMAND AND MOTION TO STAY**

______Pending before the undersigned for Report and Recommendation are the Motion to Remand filed by plaintiffs, Isreal Joseph, Sr., Ronald Joseph, Daniel Devonce Joseph, Kimberly Renee Joseph, Erica J. Simon, Barbara Joseph Payton, Carolyn Annette Joseph, Isreal Paul Joseph, Jr., and Jonathan Lee Joseph (collectively, "Joseph"), on July 18, 2008 [rec. doc. 7], and the Motion to Stay Motion to Remand filed by defendant, Baxter International, Inc. ("Baxter"), on July 30, 2008 [rec. doc. 9]. Oral argument was heard on the motions on August 20, 2008, after which the undersigned took the motions under advisement. [rec. doc. 24]. For the following reasons, it is recommended that the motions be **GRANTED IN PART AND DENIED IN PART**.

**Background**

Plaintiffs originally filed a Petition for Damages for wrongful death, a survival action, and claims under the Louisiana Products Liability Act against Baxter in the 15th Judicial District Court, Parish of Lafayette, on April 23, 2008. [rec. doc. 1]. The petition alleged that Merline Joseph died on May 1, 2007, due to complications related to heparin use. The petition further stated that claims were pending against certain medical personnel and agencies in a tort action filed in the 15th JDC under Docket No. 2008-00019. [rec. doc. 1, Exhibit 2]. On May 30, 2008, plaintiffs filed a First Supplemental and Amended Petition for Damages clarifying their claim under the Louisiana Products Liability Act.

On July 7, 2008, plaintiffs filed a Second Supplemental and Amended Petition for Damages, adding claims against D & S Staffing d/b/a Elite Healthcare, L.L.C., Platinum Healthcare Staffing, L.L.C., Lisa Griffin, R.N., Norma Guilbeau, R.N., and Blaine Teriot, N.P. (collectively, the "healthcare defendants"), under the Louisiana Medical Malpractice Act [rec. doc. 6, Exhibit A]. Later on July 7, 2008, Baxter removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Baxter asserted in its Amended Notice of Removal that the healthcare defendants were named solely for the purpose of defeating diversity, and thus preventing removal of the action to this Court. [rec. doc. 6].

In addition to diversity jurisdiction, Baxter also asserted that federal question jurisdiction exists because the Food and Drug Administration ("FDA") regulates prescription drugs, including heparin, under the Federal Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C. § 321 *et seq*., and that plaintiffs' claims are "inextricably intertwined" with the federal scheme governing prescription drug approval. [rec. doc. 6, ¶¶ 22-24].

On July 18, 2008, Joseph filed the instant Motion to Remand this case on the grounds that complete diversity did not exist at the time of removal. [rec. doc. 7]. On July 30, 2008, Baxter filed a Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML"). [rec. doc. 9]. Baxter filed a response to the motion to remand on August 4, 2008. [rec. doc. 13]. Joseph filed opposition to the motion to stay on August 18, 2008. [rec. doc. 18]. On August 12, 2008, Baxter filed a reply to Joseph's response to the motion to stay. [rec. doc. 22].

On August 20, 2008, the undersigned heard oral argument on the motions, after which the motions were taken under advisement. [rec. doc. 24].

## Law and Analysis

Joseph asserts that this case should be remanded because complete diversity does not exist, as several Louisiana defendants were already in the case at the time

of Baxter's filing of the notice of removal. Additionally, Joseph contends that federal question jurisdiction does not exist, because plaintiffs have not asserted "a claim or right arising under the Constitution, treaties or laws of the United States" which would permit removed under 28 U.S.C. §§ 1331 and 1441.

In response, Baxter argues that this Court should not reach the merits of the remand motion, because the JPML has consolidated heparin-related actions into multidistrict litigation ("MDL"), transferring the MDL proceeding to the Northern District of Ohio and issuing a conditional transfer order for this case. [rec. doc. 13, Exhibit A]. Alternatively, Baxter asserts that should this Court reach the merits of the remand motion, it should retain jurisdiction, because: (1) the healthcare defendants were fraudulently or improperly joined for the purpose of defeating diversity, and (2) federal question jurisdiction exists under the FDCA, 21 U.S.C. §§ 301 *et seq*.

Attached to Baxter's response to the motion to remand are several unpublished opinions in the heparin cases filed against Baxter which considered the issue of whether a motion to remand should be decided on the merits before a case is transferred to the MDL court. In *Arnold v. Baxter Healthcare Corp*., No. 08-2168 (N.D. Ill., July 1, 2008), plaintiffs filed a motion to remand before the MDL conditional transfer order went into effect. In response, Baxter filed a

motion to stay the proceedings pending transfer to the Judicial Panel on Multidistrict Litigation. The issue there was the same issue as that before this Court, that is, whether the motion to remand should be decided before the transfer to the MDL court.

In answering that question, the court referred to the three-part test set forth by the court in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D. Wis. 2001).[1] Under that test, the court first makes a preliminary determination on the merits of the motion to remand. *Id*. at 1049. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court. *Id*. On the other hand, if the jurisdictional issue is factually or legally difficult, the court must determine whether identical or similar jurisdictional issues have been raised in other cases that are part of the MDL proceeding. *Id*. Where a difficult jurisdictional issue is shared by other cases in the MDL proceeding, the court should consider staying the proceedings so the jurisdictional questions can be resolved together by the MDL court.

In *Arnold*, *supra*, plaintiffs claimed that Baxter was negligent for failing to comply with all laws, regulations and safety codes pertaining to the manufacture and sale of heparin, and for failing to exercise care in acquiring the ingredients

---

[1]No cases from within the Fifth Circuit have cited this case.

from producers and suppliers that had undergone proper inspection and evaluation by, among others, the FDA. As in this case, Baxter argued that these allegations raised a substantial question of federal law in that they "directly challenge the FDA's approval and regulation of heparin and the federal regulatory process governing approval and sale of prescription drugs." *Arnold*, *supra*; [rec. doc. 13, p. 2]. The court found that if the FDA were heavily involved in approving the manufacturing, distribution, and sale of heparin, then it would necessarily implicate both the actions of the FDA and the efficacy of applicable FDCA regulations. Therefore, the court determined that the jurisdictional issues were fairly complex, and declined to rule on the motion to remand, deferring a determination on the merits to the MDL court.

The undersigned notes that the Fifth Circuit has not adopted this three-part test. Instead, district courts from within the Fifth Circuit have determined that judicial efficiency and economy is best served by considering the motion to remand before the case is transferred to the MDL court. *See State of Texas ex rel. Van-A-Care of Florida Keys, Inc., v. Abbott*, 2005 WL 5430194, *2 (W.D. Tex., Dec. 5, 2005) (court rejected defendant's argument that it should defer ruling on remand motion and stay the cause to allow MDL to consider the motion on the rounds of undue hardship and inequity in *qui tam* Medicaid fraud case); *Barragan*

*v. Warner-Lambert Co.*, 216 F.Supp.2d 627, 630 (W.D. Tex. 2002) (court disagreed with defendant's argument that ruling on motion to remand, instead of allowing MDL judge to consider the motion, would contribute to inconsistent decisions in products liability/medical malpractice case); *Ritchie v. Warner-Lambert Company*, 2001 WL 527501 (E.D. La. May 2, 2001) (court determined merits of motion to remand and denied motion to stay, finding that physician defendant was not fraudulently joined to defeat diversity jurisdiction). The undersigned agrees with these courts and finds that judicial efficiency and economy is best served by considering the motion to remand at this time.

Additionally, this case is distinguishable from *Arnold* in that there was not a medical practice claim in that case. Instead, the undersigned finds that this case is more similar to the one attached to Baxter's brief entitled *Williams v. Knoll Pharmaceutical Co.*, Docket No. 03-8030 (N. D. Ohio, July 11, 2003). [rec. doc. 13, Exhibit F]. There, plaintiffs filed a negligence action asserting that they had been injured by taking the diet drug Meridia. In addition to asserting claims against Knoll Pharmaceutial Co. and SmithKline Beecham Co. (the "pharmaceutical defendants") for strict liability, negligent product liability, breach of warranty, and fraud, they also filed medical malpractice claims against the prescribing physicians (the "doctor defendants"). After the pharmaceutical

defendants removed the action to the Southern District of Mississippi, plaintiffs moved to remand the action. Thereafter, the Judicial Panel on Multidistrict litigation transferred the case to the Northern District of Ohio for multi-district pretrial proceedings, including the motion to remand.

In opposing the motion to remand, the pharmaceutical defendants argued that federal jurisdiction was appropriate because both types of jurisdiction existed. First, they argued, the parties were diverse because the plaintiffs misjoined or fraudulently joined the physician defendants. Second, they asserted that the court had federal question jurisdiction because the negligence allegations effectively challenged the FDA's approval of Meridia, which raised a substantial federal question.

The MDL court found that while diversity jurisdiction did not exist, because of the presence of the non-diverse doctor defendants, Fed.R.Civ.P. 21 allowed the court to perfect diversity by dropping a non-diverse and dispensable party at any time. Finding that the doctor defendants were dispensable parties, the court dropped them from the suit to achieve diversity, and allowed the suit to proceed against the pharmaceutical defendants. Because the court found that diversity jurisdiction existed, it did not reach the federal question issue.

There are district court cases from within the Fifth Circuit which are on point with the present case. In *Barragan*, *supra*, plaintiff filed a strict products liability claim in Texas state court against the diverse pharmaceutical manufacturers and distributors of the drug Rezulin, and a medical malpractice claim against the non-diverse prescribing physician. The pharmaceutical defendants removed the case on the grounds that the doctor was fraudulently joined. Plaintiff filed a motion to remand, contending that diversity jurisdiction was not complete. Defendants responded that the court should defer ruling on the motion pending transfer to the MDL proceedings in New York.

Defendants first argued that the court should defer ruling because the ruling on the remand motion ran the risk of inconsistent decisions by different judges in cases that were in the same state and involved the same issue, which was contrary to federal case law. The court disagreed, finding that "judicial efficiency and economy are better served by this Court considering, before the case is transferred to the MDL Court, the Motion to Remand." *Id*. at 630.

Next, the court proceeded to decide the merits of the motion to remand. Defendant argued that the doctor had been joined solely for the purpose of defeating diversity jurisdiction. The court, citing *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), applied the test for proving fraudulent (improper) joinder,

which was whether the defendant could show that no possibility existed that the plaintiff had stated a claim against the non-diverse doctor. Applying Texas law, the court determined that plaintiff had demonstrated a viable claim against the doctor; hence, the doctor was not fraudulently (improperly) joined and diversity was not complete. Accordingly, the federal court remanded the case to state court.

Similarly, in *Ritchie*, *supra*, plaintiff filed a motion to remand a malpractice case against his physician, who had allegedly failed to properly prescribe the drug Rezulin. Plaintiff had alleged that his physician had failed to carefully follow Rezulin's package insert instructions; had failed to fully monitor and evaluate plaintiff's adverse medical effects; had failed to accurately diagnose plaintiff's adverse medical effects when his condition deteriorated; had failed to recognize that Rezulin was a cause of plaintiff's adverse medical effects, and had failed to warn or adequately inform plaintiff of the potential harm associated with the use of Rezulin. Based on these allegations, the court found that plaintiff had alleged with particularity a viable cause of action against his treating physician, and that defendant's argument that plaintiff had fraudulently (improperly) joined the physician with "cookie-cutter" conclusory allegations was "half baked." *Id*. at *1.

Accordingly, the court granted the motion to remand, and denied the motion to stay.[2]

Here, a review of the pleadings indicates that plaintiffs' claims against Baxter are for products liability, while the claims against the healthcare providers are for medical malpractice. Plaintiffs' counsel represented to the Court at the hearing that the state court medical malpractice claims against the qualified healthcare providers are at the medical review panel stage. [rec. doc. 1].

A review of the Second Supplemental and Amending Petition reflects that plaintiffs have made detailed allegations regarding the healthcare defendants' alleged malpractice, including that "the dialysis treatment sheets . . . revealed that Mrs. Joseph received Heparin 2000 units as a loading dose . . . despite her charge noting her allergy to Heparin;" the Heparin "dwelled in both ports of the catheter until the ports were used by the hospital nursing staff for intravenous medication administration," and other specific incidences of the nurses using the catheter repeatedly for medication administration with Heparin still inside. [rec. doc. 6, Exhibit A, ¶ 5]. The petition went on to describe how the nurses had observed that Mrs. Joseph was bleeding from a thigh wound, and continued to bleed from other

[2]These decisions differ from the case here because in neither *Barragan* nor *Ritchie* did the court consider whether federal question jurisdiction under § 1331 existed. That argument is specifically nade by Baxter here.

areas throughout the next day. [rec. doc. 13, Exhibit A, ¶ 6]. Given these specific factual pleadings, defendant has not shown that no possibility exists that the plaintiffs have stated a claim against the non-diverse healthcare defendants. Accordingly, the undersigned finds that the joinder of the healthcare defendants here is neither fraudulent nor improper.

Clearly, complete diversity is lacking in this case. Normally, the undersigned would therefore recommend that the case be remanded. However, Baxter also invokes this court's federal question jurisdiction.

With regard to diversity, the undersigned finds that under Rule 21, Fed.R.Civ.P., the court may drop a party from the lawsuit at any time in aid of its jurisdiction, as Judge Gwin did in *Williams*. It is clear that the healthcare defendants are not indispensable parties and that, therefore, the case can proceed without them.[3]

Since the undersigned recommends that the healthcare defendants be dismissed from the suit, and that the motion to remand against Baxter be stayed, the undersigned does not decide the issue of whether or not federal question jurisdiction exists.

---

[3]See *Wheat v. Pfizer, Inc*., 31 F.3d 340, 344 (5th Cir. 1994) (medical malpractice claims against healthcare providers were different from claims against drug manufacturers, and physicians were not necessary or indispensable parties under Fed.R.Civ.P.19.

## Conclusion

For the foregoing reasons, it is recommended that the motion to remand is **GRANTED IN PART**. The undersigned recommends that the motion to stay be **GRANTED** as to Baxter, and that all proceedings against Baxter be stayed pending the outcome of a decision by the JPML as to whether this matter should be transferred to the MDL. The undersigned further recommends that all claims against D & S Staffing d/b/a Elite Healthcare, L.L.C., Platinum Healthcare Staffing, L.L.C., Lisa Griffin, R.N., Norma Guilbeau, R.N., and Blaine Teriot, N.P. be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL**

**CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION,* 79 F.3D 1415 (5TH CIR. 1996).**

Signed October 20, 2008, at Lafayette, Louisiana.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE