IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Isreal Joseph, et al.,                                         Case No. 1:08HC60053

        Plaintiffs

    v.                                                                    AMENDED ORDER

Baxter International Inc., et al.,

        Defendants

This is a products liability and medical malpractice case. Plaintiffs Isreal Joseph, Sr., Ronald Joseph, Daniel Devonce Joseph, Kimberly Renee Joseph, Erica J. Simon, Barbara Joseph Payton, Carolyn Annette Joseph, Isreal Paul Joseph, Jr., and Jonathan Lee Joseph [collectively "the Josephs"] sued D&S Medical Staffing d/b/a Elite Healthcare, L.L.C., Platinum Healthcare Staffing, L.L.C., Lisa Griffin, R.N., Norma Guilbeau, R.N. and Blaine Theroit, N.P. [collectively "the Healthcare Defendants"] and Baxter International, Inc. ["Baxter"]. Plaintiffs bring suit for Merline Joseph's injuries and death, allegedly caused by ingestion of unsafely-tainted Heparin, a drug manufactured and sold by Baxter. The Josephs sued all defendants in state court and Baxter removed the case to federal court.

1

Pending is the Josephs' motion to remand and for attorney's fees [Doc. 7], as well as Baxter's motion to stay the proceedings [Doc. 9]. For the reasons discussed below, I shall deny the Josephs' motion to remand as to Baxter, but grant it as to the Healthcare Defendants. I shall, furthermore, deny the Josephs' motion for attorney's fees, and overrule Baxter's motion to stay as moot.

**Background**

Plaintiffs, all citizens of the State of Louisiana, sued Baxter, a Delaware company with its principal place of business in Deerfield, Illinois, in the 15th Judicial District Parish of Lafayette, Louisiana. The Josephs bring suit under Louisiana law for the wrongful death of Merline Joseph; they assert that Baxter failed to warn users of Heparin's dangerous contaminants, and that Heparin was unreasonably dangerous in its product's composition and design.

Hours before Baxter filed its initial notice of removal, the Josephs amended their complaint to add the Healthcare Defendants. The Josephs allege that the Healthcare Defendant's negligent acts and omissions in the administration of Heparin contributed to Merline Joseph's injuries and death. The Healthcare Defendants are all citizens of Louisiana.

Baxter removed this case to the United States District Court for the Western District of Louisiana on the basis of diversity and federal question jurisdiction. That court, in turn, referred this case to the Judicial Panel on Multidistrict Litigation ["JPML" or "Panel"] to determine whether to transfer it to me, pursuant to an order entered in *In re Heparin*, MDL 1953. The Healthcare Defendants did not join in the removal.

On July 18, 2008, the Josephs filed a motion to remand and for an award of attorney's fees. On July 30, 2008, Baxter filed a motion to stay the proceedings pending possible transfer by the

JPML. In response to these motions, Magistrate Judge C. Michael Hill heard oral arguments and filed a Report and Recommendation ["Report"] recommending that the Josephs' motion to remand be granted as to the Healthcare Defendants such that they be dismissed without prejudice. The Magistrate also recommended that all proceedings against Baxter be stayed pending the outcome of the JPML's transfer decision.

Unbeknownst to the Magistrate and before he issued his Report, the JPML had already transferred this case. For this reason, United States District Judge Doherty referred the Magistrate's Report and Baxter's objections thereto to me.

**Standard of Review**

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c).

Baxter, as the removing party, bears the burden of showing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000). I must grant the Josephs' motion to remand to state court if I find that complete diversity jurisdiction or federal question jurisdiction do not exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required" for proper removal to federal court).

Because removal jurisdiction raises significant concerns about federalism, I must resolve "[a]ll doubts regarding the removal petition . . . against removal." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 811 (N.D. Ohio 2008) (citing *Queen ex rel. Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)).

**Discussion**

Baxter contends that federal jurisdiction is warranted under both diversity jurisdiction and federal question jurisdiction.

**1. Diversity Jurisdiction**

Under 28 U.S.C. § 1332, diversity of citizenship exists when no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000. The Josephs correctly argue that on the face of their complaint, complete diversity does not exist because the plaintiffs and the Healthcare Defendants are both from the State of Louisiana.

**A. Rule 21: Dispensable Parties**

Baxter, however, correctly asserts that under Rule 21 of the Federal Rules of Civil Procedure, I can retain jurisdiction by severing claims against nondiverse dispensable defendants. *See Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.").

To determine whether to drop the nondiverse Healthcare Defendants, I must ascertain whether they are indispensable parties. To make that decision, I am to follow a two-step process under Fed. R. Civ. P. 19.

I first assess under Rule 19(a) whether a party is necessary for just adjudication. A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co.*, *supra*, 36 F.3d at 546; Fed.R.Civ.P. 19(a).

If the party is necessary, then, under Rule 19(b), I determine if he is indispensable by considering whether: 1) a judgment rendered in the party's absence would prejudice the available party; 2) such prejudice could be lessened or avoided; 3) a judgment rendered in the party's absence would be adequate; and 4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder. *Soberay*, *supra*, 181 F.3d at 764.

Here, the Healthcare Defendants are not necessary parties as the resolution of a claim against them would not necessarily resolve the Josephs' claim against Baxter. With regard to the Healthcare Defendants, the Josephs allege medical negligence – namely, that physicians administered Heparin to the decedent despite her chart noting her allergy to Heparin, failed to obtain informed consent, and did not have in place adequate procedures to prevent improper use of Heparin. Such medical malpractice allegations differ from the Josephs' products liability claim which focuses on Baxter's conduct in designing, manufacturing, labeling and recalling tainted Heparin.

As such, the Healthcare Defendants do not meet any of the elements required to be deemed necessary. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (finding doctor who performed an implant surgery was not a necessary party to a products liability action against the medical device's manufacturer).

5

With regard to the Healthcare Defendants' dispensability, the Magistrate found it "clear that the healthcare defendants are not indispensable parties" and that "the case can proceed without them." [Doc. 26]. I agree.

Other courts have found healthcare defendants to be dispensable parties in similar litigation. *See e.g.*, *Todd by Todd v. Merrill Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991) (finding that the physician who ordered the injection of a drug not indispensable in a products liability case against a drug manufacturer).

A case decided in the Northern District of Ohio shares nearly identical facts with the case at bar. In *Phillips v. Knoll Pharm. Co.*, No. 03-8044, Slip Op. at 2-3 (N.D. Ohio September 4, 2003) (Gwin, J.), plaintiffs alleged that their ingestion of a particular drug caused them injury. Plaintiffs asserted claims against diverse pharmaceutical defendants for strict liability, negligent product liability, breach of warranty and fraud, and against nondiverse prescribing physicians for medical malpractice. As in the instant case, the pharmaceutical defendants removed the action to federal court, and the JPML transferred the case for MDL proceedings. *Id*. at 3. The court found the physician defendants to be dispensable parties and dropped them under Rule 21 to perfect its diversity jurisdiction. *Id*. at 8-9. *See also Williams v. Knoll Pharm. Co.*, No.03-8030, Slip Op. at 5-7 (N.D. Ohio July 11, 2003) (Gwin, J.) (dismissing nondiverse healthcare defendants to retain diversity of citizenship over pharmaceutical defendant).

The court in *Phillips* and *Williams* reasoned that the plaintiffs still "have an adequate remedy if the Court drops the nondiverse Physician Defendants because the Meridia plaintiffs can proceed with their claims against the Physician Defendants in state court." *Phillips*, *supra*, No. 03-8044, Slip Op. at 9; *Williams*, *supra*, No.03-8030, Slip Op. at 7.

Here, similarly, the Josephs retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court. While fighting on two fronts will no doubt be inconvenient for them, and probably more expensive, I do not find the maintenance of two lawsuits unfairly or unduly prejudicial to them.

One reason is that settlement, which is not an uncommon occurrence in litigation such as this, is probably more likely where this case is one among many. Even if this case, indeed, does not settle, the plaintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-a-vis Baxter.

On balance, the inconvenience and potential prejudice to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before me. This would be especially so if Baxter is confronted with other cases involving similar circumstances. If such cases exist, and if remand were found in these circumstances to be necessary, Baxter would potentially be fighting many more than just two fronts. [1]

My holding conforms to the JPML's recent decisions in this MDL. In *Lucas v. Springhill Hospitals, Inc*., C.A. No. 1:09-hc-60016, facing similar facts, the Panel found that the "medical negligence claims relating to the failure to diagnose Heparin-induced thrombocytopenia do not share sufficient questions of fact with claims against Baxter and affiliated entities relating to the manufacture and sale of adulterated Heparin to warrant inclusion of the former in MDL No. 1953 proceeding." Transfer Order at 1-2, Dkt. 1:08-hc-60000-JGC, #63.

---

[1] By this observation, I mean and make no prejudgment as to other remand motions, when and if such motions are filed. This opinion addresses the circumstances in this case; my observation refers only to the potential prejudice to Baxter if 1) remand were required here; and 2) other cases coming to me from other jurisdictions raised the same factual circumstances.

Likewise in *Jolly v. Baxter Healthcare Corp. et al.*, No. 9:09-cv-00038 (E.D.Tex.), the Panel severed and remanded "[t]he medical negligence claims against healthcare provider defendants."[2] Conditional Transfer Order at 2, Dkt. 1:09-hc-60020-JGC, #46-2.

I, therefore, find the Healthcare Defendants to be dispensable parties, sever them from the claims against Baxter, and in doing so, perfect diversity jurisdiction over Baxter.

### B. Rule 21: Fraudulent Misjoinder Doctrine

Baxter also argues that under Rule 21, I may dismiss and remand the claims against the nondiverse Healthcare Defendants because they were fraudulently misjoined.[3] *See*, *e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds.* "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against non-diverse party defendants." *Geffen v. General Electric Co.*, 575 F.Supp.2d 865, 869-72 (N.D. Ohio 2008).

Many courts criticize the fraudulent misjoinder doctrine. *See id*. Due to this criticism, a recent case in the Northern District of Ohio declined to apply the "fraudulent misjoinder" doctrine. *See id.* at 869-70 (noting, also, that the Sixth Circuit has yet to adopt the "fraudulent misjoinder doctrine").

---

[2] The JPML remanded Jolly's medical negligence claim to the Eastern District of Texas, not the state court of Texas; nonetheless, its decision still supports my finding that the Healthcare Defendants are dispensable.

[3] As explained in *Geffen v. General Electric Co.*, 575 F.Supp.2d 865, 869 (N.D. Ohio 2008), courts refer to this doctrine by a number of names. Baxter contended that the "medical provider defendants [were] misjoined" [Doc. 31] and that the claims were "fraudulently 'misjoined.'" [Doc. 13].

Because Rule 21 applies to properly joined parties, however, my conclusion regarding the dispensability of the Healthcare Defendants is determinative. *See Newman-Green, Inc.*, *supra*, 490 U.S. at 832; *Safeco Ins. Co.*, *supra*, 36 F.3d at 545; *Williams*, *supra*, Docket No. 03-8030; Moore's Federal Practice § 21.05 at 21-25 ("Despite its title, 'Misjoinder and Nonjoinder of Parties,' the courts agree that the Rule may apply even in the absence of misjoinder or nonjoinder. For example, the Supreme Court has recognized the use of Rule 21 to dismiss a properly joined party for the purpose of maintaining diversity of citizenship.").

As such, I have no need to opine on the doctrine's viability or decide whether the Healthcare Defendants were fraudulently misjoined to determine whether diversity jurisdiction exists.

## 2. Federal Question Jurisdiction

According to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Baxter also contends that federal question jurisdiction exists because the Josephs' claims squarely challenge determinations made by the Food and Drug Administration ["FDA"] and the adequacy of federal requirements governing the manufacture and sale of prescription drugs. [4] I disagree.

In *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986), the Supreme Court held that congressional failure to provide a private cause of action in the Food, Drug and Cosmetic Act ["FDCA"] indicated that alleging an FDCA violation as an element of a state-law claim did not raise a federal issue worthy of federal question jurisdiction.

---

[4] It appears that Baxter has abandoned this theory of jurisdiction as its most recent brief [Doc. 31] focuses exclusively on diversity jurisdiction.

9

Relying on *Merrell Dow*, I recently rejected Baxter's argument in another MDL case, *Arnold v. Baxter Healthcare Corp.*, 2009 WL 1097325, * 6 (N.D.Ohio). In *Arnold*, I found that "[f]ederal question jurisdiction cannot lie over the Arnolds' state-law claims since they do not necessarily raise federal law issues, no federal issues involved are actually disputed or substantial and granting jurisdiction would abrogate the congressionally approved balance between state and federal judiciaries with regard to cases and claims of this sort." *Id.* For the same reasons detailed in *Arnold*, I conclude that the Josephs' allegations do establish federal question jurisdiction.

I, nonetheless, find complete diversity jurisdiction by severing and remanding the Josephs' claims against the nondiverse Healthcare Defendants without prejudice.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiffs' motion to remand [Doc. 7] be, and the same hereby is denied, except as to the claims against the Healthcare Defendants which are severed and remanded without prejudice;

2. Defendant's motion to stay [Doc. 9] be, and the same hereby is overruled as moot; and

3. Plaintiffs' request for attorney's fees be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge